Donald **HELLER**, Plaintiff–Appellant,

v.

Joanne B. **BARNHART**, Defendant–Appellee.

No. 04–3096.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 19, 2005.

Decided March 16, 2005.

Frederick J. Daley, Jr., Daley, Debofsky & Bryant, Chicago, IL, for Plaintiff–Appellant.

Cristine Kim, Social Security Administration Office of The General Counsel, Region V, Chicago, IL, for Defendant–Appellee.

Before CUDAHY, MANION, and EVANS, Circuit Judges.

## ORDER

Donald Heller filed an application for supplemental security income benefits. Heller's claim was denied initially and upon reconsideration, and after a hearing by an administrative law judge, who found that Heller was not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner of Social Security. Agreeing with the thoughtful recommendation of a magistrate judge (Stephen L. Crocker), the district court (Chief Judge Barbara B. Crabb) affirmed the ALJ's decision. Heller appeals that decision.

Heller filed his application in 2001, claiming disability resulting from lower back and neck problems, high blood pressure, the lack of reading and math skills, and depression.[1] Applying the five-step process set out in 20 C.F.R. § 404.1520 to evaluate an applicant's disability, the ALJ found Heller's impairments to be severe but that he was able to perform work existing in significant numbers in the national economy. In considering Heller's appeal, we must affirm if the ALJ's findings of fact are supported by substantial

---

1. We incorporate the magistrate judge's de-    tailed and undisputed recitation of the facts.

evidence and there was no error of law. *See Sims v. Barnhart*, 309 F.3d 424, 428 (7th Cir.2002).

■ Heller first challenges the ALJ's mental residual functional capacity determination. Heller claims that the ALJ erred by posing an incomplete hypothetical to the testifying vocational expert and by "playing doctor" and thus failing to base her determination on the medical evidence presented. But there was substantial evidence—medical and otherwise—to support the ALJ's assessment. Although, as Heller claims, the ALJ did not include her findings that Heller had moderate limitations in concentration in her hypothetical to the vocational expert, the hypothetical described a person who had essentially no reading and math skills and an IQ of 73, numerous physical ailments, and took medications that may cause drowsiness. A drowsy employee is likely to face similar limitations to one who has trouble concentrating, and there is nothing to suggest that an employee who has trouble concentrating could not work at the type of unskilled repetitive jobs the vocational expert identified.

■ Heller next complains that the ALJ relied exclusively on reports of Heller's daily activities, along with his IQ score and aptitude testing results, in determining that he had only moderate limitations in his ability to concentrate. Heller contends that the ALJ should have relied more heavily on an assessment made by state agency psychologist Dr. Matkom, who found that Heller had moderate limitations on his ability to perform simple tasks necessary to function as an employee without special supervision. But the ALJ explicitly stated that she gave "some weight" to the opinions of the state agency consultants, which presumably includes Dr. Matkom. The ALJ's job is to take that evidence and weigh it as she sees fit. *See*

*Wolfe v. Shalala*, 997 F.2d 321, 325–26 (7th Cir.1993). And here, the ALJ's conclusion was reasonable. Heller's daily activities showed the ability to perform simple tasks. Dr. Laney, a psychologist who evaluated Heller in 1992, thought Heller had sufficient mental capacity. And even Dr. Matkom testified that Heller had the mental capacity to perform unskilled work. In fact, Heller performed adequately in several jobs before his injuries in 2000 (suggesting he had sufficient mental capacities) and could perform some household chores at the time of the hearing. Therefore, although, as the magistrate judge and district court noted, the ALJ could have discussed Dr. Matkom's findings more thoroughly, there was substantial evidence to support the ALJ's determinations.

■ Heller also argues that the ALJ erroneously "ignore[d]" an RFC assessment from his treating physician that found him to be disabled. But the ALJ didn't ignore it so much as she simply found it unconvincing. The ALJ explained that the physician's second report, which found Heller to be disabled, was not consistent with an assessment performed by the same physician just 7 months earlier. Because she found that the MRI and other objective evidence was more consistent with the physician's initial assessment, she gave it more weight than the second assessment. With medical evidence supporting the ALJ's conclusion, we find no compelling reason to reweigh the evidence. *See Wolfe*, 997 F.2d at 326 ("As a reviewing court, we may not reweigh the evidence or reconsider credibility determinations unless those determinations are patently wrong." (internal citation omitted)).

Lastly, Heller challenges the ALJ's findings that Heller's allegation of total disability was not credible. He claims the ALJ failed to comply with SSR 96–7p and

*Carradine v. Barnhart,* 360 F.3d 751 (7th Cir.2004), which require the ALJ to consider Heller's claims of pain, even if they are not supported by objective medical evidence. But, again, a range of evidence went into and supports the ALJ's decision. The ALJ weighed reports of Heller's daily activities, his limited use of medication, and his work history in addition to objective medical evidence. Put together, that evidence was sufficient to support her conclusion. AFFIRMED.